PEOPLE v CRAWFORD

Docket No. 57251. Submitted June 9, 1982, at Lansing.—Decided October 11, 1982.

Brenda E. Crawford was convicted of delivery of a controlled substance, Washtenaw Circuit Court, William F. Ager, J. Defendant appeals, alleging that she was entrapped and that the trial court erred in finding no entrapment. *Held:*

A review of the evidence reveals that the defendant would not have delivered the controlled substance without the instigation of a friend who, in turn, was acting upon the instigation of the police. The defendant was entrapped.

Reversed.

CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST.

Michigan courts apply the objective test for determining whether entrapment has occurred; under that test the focus is on whether the government agents involved have acted in such a way as is likely to instigate or create a criminal offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John A. Cothorn,* Assistant Prosecuting Attorney, for the people.

*Norman Fell,* for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. Defendant was charged with delivery of a controlled substance, diazepam (Valium), a

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 206.

Modern status of the law concerning entrapment to commit narcotics offense—state cases. 62 ALR3d 110.

* Circuit judge, sitting on the Court of Appeals by assignment.

violation of MCL 333.7401, subds (1), (2)(c); MSA 14.15(7401), subds (1), (2)(c). Defendant alleged she was entrapped and an entrapment hearing was subsequently held. The trial judge found no entrapment. At trial, defendant waived her right to a jury. Defense counsel and the prosecutor stipulated that the trial judge could rely on the transcripts of the entrapment hearing and of the preliminary examination. Counsel made no opening or closing statements and no further testimony or evidence was presented to the trial court. The court immediately found defendant guilty as charged and, subsequently, defendant was senteced to two years probation and assessed $240 costs and $200 in attorney fees. Defendant appeals as of right. The sole issue presented for our determination is whether the trial judge clearly erred in finding defendant was not entrapped.

Sophia Bishop was employed at University Hospital in Ann Arbor until May 9, 1980. She was fired for larceny of Valium from the hospital's pharmacy. Bishop faced criminal charges for larceny. In June, Bishop's 11-year-old boy was hit by a motorcycle and was hospitalized in very serious condition. Against this background, Bishop was approached by Ann Arbor Police Detective Robert Flynn. Flynn suggested it would be helpful to Bishop's criminal case if she provided information on others who may have been involved in larceny of Valium from University Hospital.

Bishop agreed to cooperate. In late July, she telephoned defendant, a pharmacy technician at University Hospital, in an attempt to procure Valium. Bishop had known defendant for five years and testified that they had had a relationship of "friendship". Defendant and other hospital employees had previously sent Bishop a sympathy

card regarding her son's accident. Bishop was reluctant to set up a possible buy from the defendant, but Detective Flynn assured her that she "could do it". During her telephone calls to defendant, Bishop cried. She talked about her son's condition. She asked defendant to supply her with Valium. Bishop made between two to four calls to defendant in order to procure some Valium.

Defendant agreed to deliver Valium to Bishop at the university on July 31. On July 31, Bishop telephoned defendant to confirm their meeting. Defendant told Bishop, however, that "she had forgotten" the drugs. Bishop set up a meeting for the next day. On August 1, Bishop and Ann Arbor Police Officer Denise Adams went to University Hospital. They met with defendant, who asked about the condition of Bishop's son. Defendant then handed Bishop a packet of 100 Valium pills. Bishop handed the packet to Adams. Defendant was not paid any money for the drugs. Bishop admitted at the entrapment hearing that defendant supplied the Valium "out of personal friendship". Adams asked defendant if she could get more Valium. Defendant declined to be of assistance.

Michigan courts have long been at the forefront in protecting individuals from being convicted of crimes which have been instigated, induced, or manufactured by government agents. *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981), see *Saunders v People,* 38 Mich 218 (1878). Michigan courts apply an objective test for determining when entrapment has occurred. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973). Under such a test, the proper focus is on whether the government agents involved "have acted in such a way as is likely to instigate or create a criminal offense".

*United States v Russell,* 411 US 423, 441; 93 S Ct 1637; 36 L Ed 2d 366 (1973) (Stewart, J., *dissenting); White, supra,* p 389.

Our review of the evidence convinces us that Ms. Bishop and the police officers involved created the instant offense. Defendant would not have delivered the Valium without the instigation of Ms. Bishop. The record is devoid of any indication that defendant delivered the controlled substance for her own benefit. Without the instigation of the police and their agents, the crime would never have occurred. The trial judge's finding to the contrary is clearly erroneous.

Reversed.